IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| GAVIN PATRICK HANNAH, | ) Civil Action No. 3:08-3890-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| U.S. AIR FORCE; SM SGT. MICHAEL EDWARDS; AND LT. COL. CHERYL MINTO, | ) |
| Defendants. | ) |

The pro se Plaintiff (Gavin Patrick Hannah) filed this action on November 26, 2008.[1] Defendants are the United States Air Force, SM Sgt. Michael Edwards ("Edwards"), and Lt. Col. Cheryl Minto ("Minto"). Plaintiff appears to allege that Defendants discriminated against him based on his disability. On December 8, 2008, the undersigned issued an order informing Plaintiff that he was responsible for service. Plaintiff was specifically apprised of Rule 4(i) ("Serving the United States and Its Agencies, Corporations, Officers or Employees") and of Rule 4(m)("Time Limit for Service").[2] Summonses were issued on December 9, 2008.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e) DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

[2] This Rule provides, in part:
If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time
(continued...)

On April 6, 2009, Plaintiff requested an extension of time to serve Defendants. The undersigned, on April 14, 2009, granted Plaintiff's motion and the time for service was extended until May 6, 2009. Plaintiff was again warned that it was his responsibility to effect service upon Defendants and that failure to do so without a showing of some excusable neglect would result in dismissal of his case. See Doc. 10.

On May 6, 2009, Plaintiff filed a "motion to release" Defendant Edwards from this action because Plaintiff was unable to locate Edwards. This appears to be a motion to dismiss. Pursuant to Federal Rules, a party may dismiss an action without a court order by filing a notice of dismissal before the opposing parties serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a). Thus, it is recommended that Plaintiff's motion to dismiss Defendant Edwards be granted.

On May 29, 2009, the United States Attorney for the District of South Carolina filed a motion to dismiss this action for insufficiency of service of process, arguing that Plaintiff has not provided proof of service as to Defendants. Plaintiff, because he is proceeding pro se, was advised on June 1, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of his complaint. On June 4, 2009, Plaintiff provided an affidavit stating he was submitting three certified letters showing that Defendants received the appropriate summons. He attached two United States Postal Form 3811s which appear to indicate that he served the United States Attorney for the District of South Carolina and the Attorney General of the United States. He also submitted a printout from the United States Postal Service's website which appears to indicate that service to "PENT MISC 203100 R6" was

---

(...continued)
    for service for an appropriate period.
Fed. R. Civ. P. 4(m).

2

received by "A Jackson."³ Doc. 17. On September 3, 2009, the time for Plaintiff to serve Defendants was extended an additional thirty days. Plaintiff was directed to file proofs of service on or before October 5, 2009, and warned again that failure to show proper service could result in dismissal of this action.

On September 16, 2009, Plaintiff filed an affidavit stating that he had served Defendant. Attached was a copy of a United States Postal Service Form 3811 indicating that he had sent, by certified mail, an article addressed to the Office of the Judge Advocate at Shaw AFB in Sumter, South Carolina. Plaintiff was previously advised (pursuant to Rule 4(i)) on December 8, 2008 and September 3, 2009, that he needed to serve each Defendant (the United States Air Force, Edwards, and Minto) as well as the United States Attorney for the District of South Carolina and the Attorney General of the United States.⁴ See Docs. 6 and 21. Here, Plaintiff has presented evidence that he

---

³The addressee's identity is unclear.

⁴Rule 4 provides, in part:
(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
    (1) United States. To serve the United States, a party must:
        (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
          (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
        (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
        (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(continued...)

served the United States Attorney for the District of South Carolina and the Attorney General of the United States. He has not, however, shown that he served the United States Air Force, Minto, and Edwards. Plaintiff appears to assert that he has served the United States Air Force because he sent the summons and "all appropriate paperwork" to the Office of the Judge Advocate at Sumter Air Force. Only the Secretary of the Air Force, or his designee, the Chief, General Litigation Division, Office of the Judge Advocate General, however, may accept service for the Department of the Air Force. 32 C.F.R. § 257.5; see Sumrall v. Tinker Air Force Base, 2008 WL 4364549 (W.D. Okla. Sept. 17, 2008)(unpublished); Garrison v. U.S., 688 F.Supp. 1469 (D.Nev. 1988). It is, therefore, recommended that Defendant's motion to dismiss be granted.

Alternatively, it is recommended that this action be dismissed sua sponte for lack of subject matter jurisdiction. Plaintiff appears to allege that he was discriminated against based on a disability. He provides no basis for jurisdiction. Liberally construing Plaintiff's pro se Complaint, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978) and Cruz v. Beto, 405 U.S. 319 (1972), he may be attempting to bring discrimination claims under the Americans with Disabilities Act, 42 U.S.C.

---

(...continued)
   (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
   (3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i).

§ 12101, et seq. ("ADA") and/or the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, et seq. Courts, however, have consistently found that uniformed members of the armed services are barred from bringing claims under the ADA. Verbeck v. U.S., 89 Fed.Cl. 47 (Fed.Cl.,2009); Baldwin v. United States Army, 223 F.3d 100, 101 (2d Cir. 2000); see also Hockaday v. Brownlee, 370 F.Supp.2d 416, 422 (E.D.Va. 2004)(noting that 42 U.S.C. § 12111(5)(B)(i) specifically excludes the United States as an "employer" under the ADA). Further, the individual defendants (Edwards and Minto) cannot be held liable under the ADA or the Rehabilitation Act in their individual capacities. See Baird v. Rose, 192 F.3d 462, 471-72 (1999); Eason v. Clark County School Dist., 303 F.3d 1137, 1145 (9th Cir. 2002).

Plaintiff also requests that the effective date of his promotion to the rank of Staff Sergeant be changed and that he receive back pay. The Tucker Act, 28 U.S.C. § 1346, provides that the Court of Federal Claims may, in appropriate cases, "provide an entire remedy," including "restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records." 28 U.S.C. § 1491(a)(2). The Claims Court has found that it has "explicit statutory authority" to provide relief for complaints requesting "back pay, reinstatement, and correction of records." Mitchell v. United States, 930 F.2d 893, 895-96 (Fed. Cir. 1991)(holding that a service member's request for back pay fell within the jurisdiction of the Claims Court); see also Andrews v. Webb, 685 F.Supp. 579 (E.D.Va. 1988) (involving former marine officer's request for back pay). The United States Court of Federal Claims and district courts have original jurisdiction over non-tort monetary claims against the United States not exceeding $10,000. 28 U.S.C. § 1346(a)(2). For claims in excess of $10,000, however, the Court of Federal Claims has exclusive jurisdiction. See 28 U.S.C. § 1491; Randall v. United States, 95 F.3d 339, 347 (4th Cir. 1996). The plaintiff bears

the burden of demonstrating that his claims do not exceed the $10,000 in damages required for concurrent district court jurisdiction. See Schmidt v. U.S. Army Corps of Engineers, 2008 WL 2783292, at *6 (W.D. Mich. July 15, 2008)(unpublished). All claims under the Tucker Act are subject to a six-year statute of limitations, see 28 U.S.C. § 2501. Here, Plaintiff has not shown that this Court has concurrent jurisdiction with the Court of Federal Claims.

## CONCLUSION

It is recommended that Plaintiff's motion to release Defendant Edwards from this action (Doc. 12) be granted. It is also recommended that Defendants' motion to dismiss (Doc. 14) be granted.

Joseph R. McCrorey
United States Magistrate Judge

December 7, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).