IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gavin Patrick Hannah, | C/A No.: 3:08-3890-JFA-JRM |
| Plaintiff, | |
| v. | **ORDER** |
| United States Air Force; SM Sgt. Michael Edwards; and Lt. Col. Cheryl Minto; | |
| Defendants. | |

The *pro se* plaintiff, Gavin Patrick Hannah, filed this action alleging that the defendants discriminated against him based on his disability. The Plaintiff is a uniformed soldier.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this action should be dismissed for two reasons: (1) the plaintiff has not timely provided proof of service on the defendants as required by the Federal Rules of Civil Procedure; and (2) this court lacks subject matter jurisdiction over the claims asserted in the complaint.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff was apprised of his right to file objections to the Report and Recommendation and he has done so in a one-page objection memorandum filed with the Clerk.

Defendants filed a motion to dismiss on May 29, 2008, contending that the action should be dismissed for insufficiency of service of process. The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion to dismiss. The plaintiff responded to the motion.

With regard to service of process, the Magistrate Judge recommends that the action be dismissed because the plaintiff has failed to show that he properly served the defendants, including the Secretary of the Air Force, or his designee (the Chief of the General Litigation Division in the Office of the Judge Advocate General). *See* 32 C.F.R. § 257.5.

In objecting to this part of the Report and Recommendation, the plaintiff contends that he served the Office of the Judge Advocate General (JAG) located at Shaw Air Force Base, and that he was informed by a Major on duty there that service on the local JAG would satisfy the requirements of service on the United States Air Force.

The court respectfully disagrees. A military officer does not have the ability to waive or forego provisions of federal regulations regarding service of process. Moreover, the doctrine of estoppel does not apply to claims against the federal government.

The plaintiff does not offer a meaningful objection to that portion of the Report which suggests that this court lacks subject matter jurisdiction over this claim. As the Magistrate Judge observes, the complaint in this action provides no basis for this court's jurisdiction, and courts have consistently found that uniformed members of the Armed Services are barred from bringing claims under the Americans with Disabilities Act (ADA), 42 U.S.C . § 1201, *et seq*.

In his objection memorandum, plaintiff merely asserts that he seeks the back pay from November 2004 to December 2005. In other words, he does not address the subject matter jurisdiction question that was of concern to the Magistrate Judge.

Finally, after the action was initiated, plaintiff sought leave to dismiss one defendant, Sgt. Michael Edwards conceding that he had been unable to serve this defendant. Because the motion to dismiss this party from the case has been filed before the opposing party served an answer or dispositive motion, the court agrees with the Magistrate Judge that granting the plaintiff's motion to dismiss defendant Edwards is appropriate.

After a careful review of the record, the applicable law, and the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation proper and incorporated herein by reference. Accordingly, the motion by the plaintiff to dismiss defendant Edwards for lack of service is granted and the defendants' motion to dismiss the remainder of the claims against all remaining parties for insufficient service is granted. This matter is therefore ended.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

Joseph F. Anderson, Jr.
United States District Judge

January 13, 2010
Columbia, South Carolina